IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.  04-653-GPM |
| | ) |
| MICHAEL WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating Plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing Plaintiff to proceed with his remaining claims. *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

## COUNT 1

Plaintiff states that he only has vision in one eye, and the vision in that eye is very poor. Despite his poor eyesight, he alleges that Defendant Williams has refused to provide him with prescription glasses. He also claims that Williams has refused to allow him to consult an outside opthamologist. The Court notes that in the part of the complaint labeled "count two," Plaintiff also alleges that Defendant Brown is involved in the refusal to provide Plaintiff with prescription glasses.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897 (1996).

Based on the allegations in the complaint, the Court is unable to dismiss this claim against Williams and Brown at this point in the litigation.

## COUNT 2

In his second claim, Plaintiff states that due to his poor vision, he is unable to send outgoing mail on paper as other inmates do. Instead, he must make a request to be taken to the school

building where he can use a tape recorder to create an audio tape. Due to the logistics involved in getting to the school building, it takes considerably more time for him to prepare and mail his "letters" than it does for inmates who can prepare correspondence on paper. He alleges that this practice, implemented by Defendants Blade, Evans, and Flagg, violates his Fourteenth Amendment rights to equal protection. In relief, he asks that a tape recorder be kept in his housing unit so that he can use it more frequently.

The equal protection clause forbids the state from arbitrarily treating one group differently from another. *Anderson v. Romero*, 72 F.3d 518, 526 (7th Cir. 1995). Unless the challenged state practice results in disparate treatment of members of a suspect class or impinges upon a fundamental right, however, the state may afford different treatment to different groups of persons so long as the distinction is "rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985); *Pryor v. Brennan*, 914 F.2d 921, 923 (7th Cir. 1990). Without any input from Defendants, the Court cannot make such a finding regarding Defendants' apparent refusal to make a tape recorder more easily available to Plaintiff. Therefore, the Court is unable to dismiss this claim against Blade, Evans, and Flagg at this point in the litigation.

## COUNT 3

Plaintiff claims that his supervisor, Defendant Neal, refuses to call him out to work or approve raises for him, in retaliation for Plaintiff's grievances filed against Neal about similar issues.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified

is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Based on these standards, the Court is unable to dismiss this claim against Neal at this point in the litigation.

**OTHER DEFENDANTS**

Plaintiff lists Wilbur Pursell as a defendant in the caption of his complaint, but the statement of claim does not include any allegations against this Defendant. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Pursell is dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendant **PURSELL** is **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WILLIAMS, BROWN, BLADE, EVANS, FLAGG**, and **NEAL**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WILLIAMS, BROWN, BLADE, EVANS, FLAGG**, and **NEAL** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the

Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections ("IDOC") who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from IDOC pursuant to such order shall not be maintained in the court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 05/10/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
