IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.  04-653-GPM |
| MICHAEL WILLIAMS, | ) |
| CHRISTINE BROWN, DEAN BLADES, | ) |
| JOHN EVANS, JULIUS FLAGG, | ) |
| and D. NEAL, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge G. Patrick Murphy pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendant Michael Williams' Motion for Summary Judgment.  **(Doc. 32)**.  The motion is supported by a memorandum and exhibits, including the affidavit of defendant Williams.

The notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)** was served on plaintiff.  **See, Doc. 36.**  Plaintiff has filed a response.  **(Doc. 40)**.

**Nature of Plaintiff's Claim**

Kenneth Shelton is an inmate in the custody of the Illinois Department of Corrections who brings this suit under **42 U.S.C. §1983**.  In Count 1, he claims that Michael Williams, who is an optometrist, violated his Eighth Amendment rights by deliberate indifference to his serious medical needs.

1

Plaintiff is legally blind. He lost his left eye as a result of trauma years ago, and has very poor vision in his right eye. He claims that, while he was an inmate at Pinckneyville Correctional Center, Dr. Williams violated his constitutional rights by refusing to order prescription glasses for him and by refusing to send him to an outside doctor for a second opinion.

### **Standard for Summary Judgment**

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).** In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could

return a verdict for the [nonmoving party] on the evidence presented." ***Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. ***Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. ***Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. ***Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).**

### Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits "deliberate indifference to serious medical needs."***Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir.1996)** (quoting ***Estelle v. Gamble*, 429 U.S. 97, 97 St. Ct. 285 (1976)**). Unnecessary pain and suffering, <u>if sufficiently serious</u>, may implicate the Eighth Amendment. **See, *Estelle*, 97 S. Ct. at 290.** In order to prevail on his constitutional claim, plaintiff must show that the failure to treat was due to a prison official's deliberate indifference to his serious medical needs. Plaintiff must satisfy the two-part test enunciated in ***Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)**. The test has an objective and a subjective component. That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard. ***Reed v. McBride*, 178 F. 3d 849, 852 (7th Cir. 1999).**

A condition is objectively serious if "failure to treat [it] could result in further significant

injury or unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, **111 F.3d 1364, 1373 (7th Cir.1997)**.

It is well settled that negligence or medical malpractice will not create liability under **42 U.S.C. § 1983**. **See,** *Estelle*, **97 S. Ct. at 292;** *Wood v. Woracheck*, **618 F.2d 1225 (7th Cir. 1980)**. Likewise, the provision of a course of treatment other than that preferred by the inmate will not create liability. *Estelle*, **97 S. Ct. at 293;** *Burns v. Head Jailor*, **576 F. Supp. 618 (N.D. Ill. 1984).** An inmate has no right to a particular course of treatment of his choosing. *Meriweather v. Faulkner*, **821 F.2d 408, 413 (7th Cir. 1987).**

## Analysis

Defendant argues that he is entitled to summary judgment because the undisputed facts show that he was not deliberately indifferent to plaintiff's serious needs. In his view, plaintiff simply disagrees with the course of treatment provided, which does not suffice to make a constitutional case.

Williams has filed an affidavit in which he states that plaintiff's vision is seriously impaired and that corrective glasses would not improve his vision. He further states that he declined to order glasses because they would not help, and that he based his decision on his professional judgment. **See, Exhibit B, attached to Doc. 37**.

Williams also filed a partial transcript of plaintiff's deposition. **(Exhibit A, attached to Doc. 37)**. Therein, plaintiff explained that his left eye was seriously injured in a hold-up around 1975; the left eye was later removed around 1985. **Exhibit A, p. 3**. The vision in his right eye was poor from birth, and his right eye was injured in the hold-up also. **Exhibit A, pp. 3, 5.**

Plaintiff testified that he was legally blind, and that he had worn prescription glasses in the past; specifically, he was given a pair of glasses when he was in Cook County Jail in 1993. **Exhibit A, p. 49.** Plaintiff arrived at Pinckneyville in 1999 and saw defendant Williams in 2000. Plaintiff testified that Dr. Williams told him that glasses would not help him. **Exhibit A, p. 7.**

Plaintiff also testified that he was seen by a Dr. Michaels of Marion Eye Center on September 20, 2002. Dr. Michaels told him that he had "very, very poor vision" but that Dr. Michaels might be able to "invent" something that would help his vision and keep the light off his face. Dr. Michaels prescribed infrared goggle shades, which plaintiff never received. **Exhibit A, p. 8.** The record is unclear as to the nature of these infrared goggle shades. Attached to the complaint is a letter dated March 4, 2004, from a Rachel McKinzie to plaintiff, which states that the IDOC will not honor his request for a pair of "sports magnifying binoculars with a light." It is unclear whether these "sports magnifying binoculars with a light" are the same goggle shades that were prescribed by Dr. Michael in 2002.

Copies of some of plaintiff's medical records are attached to the co-defendants' motion for summary judgment. **See, Exhibit A attached to Doc. 35.** These records indicate that defendant has examined plaintiff's eyes on a number of occasions. On July 6, 2001, he noted that plaintiff's left eye was gone and that he had very limited vision in his right eye due to myopic degeneration. **Exhibit A, p. 047.** The record also notes plaintiff was given sunglasses as he has sensitivity to light. In an entry dated December 8, 2003, defendant Williams again noted that plaintiff's vision was very poor in the right eye due to myopic retinal degeneration. He was issued a hand-held magnifier with which enabled him to read large print with a lamp.

**Exhibit A, p. 053.**  On April 4, 2004, Dr. Williams wrote a long note documenting a conference with plaintiff and the health care unit administrator about plaintiff's vision.  Therein, Dr. Williams notes that plaintiff wanted glasses, but he explains that plaintiff has a long history of myopic degeneration and that his distance vision is "non-improvable."  He notes that plaintiff has been given a magnifier for close vision, and that there is no need for stronger magnification because he is at "maximum near [vision] limit."  Dr. Williams states that there is no need for second opinion.  **Exhibit A, p. 054.**

On October 6, 2003, in response to a grievance, Dr. Williams wrote a note to plaintiff in which he stated "Due to the nature of your visual impairment, there is no treatment that can restore the vision in your right eye.  I will continue to monitor the health of your eye as I have been doing for the last few years."   **Exhibit 2 attached to Doc. 35, p. 114.**

In his response to the motion, plaintiff admits "I have saw [sic] the optometrist many times.  He gave me eye drops and told me that glass[es] would do me no good."  **Doc. 40, p.1**.

The record establishes that defendant Williams was not deliberately indifferent to plaintiff's medical needs.  Rather, Williams saw him on a regular basis and furnished plaintiff with sunglasses and a magnifier.  Dr. Williams is of the opinion that plaintiff's vision is such that it cannot be improved by prescription glasses.  He may be wrong in that opinion, but such an error would be negligence at worst, and not deliberate indifference on this record.  See, **See *Estelle*, 97 S. Ct. at 292; *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (stating that even gross negligence does  not constitute deliberate indifference)**.

Plaintiff also claims that Williams violated his Eighth Amendment rights by refusing to send him out for a second opinion.  This is a perplexing claim, as plaintiff testified in his

deposition that he was seen by a Dr. Michaels of Marion Eye Center on September 20, 2002. **Exhibit A attached to Doc. 37, p. 8**.  This would seem to indicate that plaintiff was, in fact, seen by an outside consultant in 2002.  There is no record of this consultation in the file.

Plaintiff has no right to be seen for a second opinion on demand.  "[T]he Constitution is not a medical code that mandates specific medical treatment."  ***Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)**.  Mr. Shelton does not have a right to receive a particular course of treatment of his choosing.  ***Meriweather v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987).**  The Eighth Amendment requires that the prison provide "adequate, minimum-level medical care."  ***Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006)**.  The Eighth Amendment does not require that an inmate be furnished a consultation by an outside doctor on demand.

### Recommendation

This Court recommends that Defendant Michael Williams' Motion for Summary Judgment **(Doc. 32)** be **GRANTED**.  Judgment should be entered in favor of defendant Michael Williams.

If this recommendation is adopted, no claims will remain pending as to defendant Williams.

Objections to this Report and Recommendation must be filed on or before **February 21, 2007.**

**Submitted: February 1, 2007.**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **U. S. MAGISTRATE JUDGE**