IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SHELTON, )<br> )<br>   Plaintiff, )<br> )<br>   v. )<br> )<br>MICHAEL WILLIAMS, )<br>CHRISTINE BROWN, DEAN BLADES, )<br>JOHN EVANS, JULIUS FLAGG, )<br>and D. NEAL, )<br> )<br>   Defendants. ) | Case No.  04-653-GPM |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge G. Patrick Murphy pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is Defendants' Motion for Summary Judgment, filed by Christine Brown, Dean Blades, John Evans, Julius Flagg, and Douglas Neal. **(Doc. 34)**.  The motion is supported by a memorandum and exhibits, including affidavits of defendants.

The notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)** was served on plaintiff.  **See, Doc. 36.**  Plaintiff has filed a response.  **(Doc. 40)**.

### Nature of Plaintiff's Claim

Kenneth Shelton is an inmate in the custody of the Illinois Department of Corrections who brings this suit under **42 U.S.C. §1983**.  Plaintiff is legally blind.  He lost his left eye as a result of trauma years ago, and has very poor vision in his right eye.  He alleges that his constitutional rights were violated by defendants while he was an inmate at Pinckneyville Correctional Center.

In Count 1, he claims that Christine Brown, administrator of the health care unit, violated his Eighth Amendment rights by deliberate indifference to his serious medical needs in that she

1

refused to give him eyeglasses and refused to permit him to consult an outside doctor. In Count 2, he states that his poor vision makes him unable to write letters, and that the prison has set up a procedure by which he is permitted to use a tape recorder once a week. He claims that defendants Blade, Evans, and Flagg have violated his Equal Protection rights by this procedure. In Count 3, plaintiff claims that his supervisor, Neal, has retaliated against him by refusing to call him out for work or to authorize raises for him.

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).** In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. *Anderson*, 477 U.S. at 248; see also, *JPM Inc. v. John Deere Industrial Equipment Company*, 94 F.3d 270, 273 (7th Cir. 1996). Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992).

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).

### Count 1 - Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits "deliberate indifference to serious medical needs."*Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 97 St. Ct. 285 (1976)). Unnecessary pain and suffering, <u>if sufficiently serious</u>, may implicate the Eighth Amendment. **See,** *Estelle*, **97 S. Ct. at 290.** In order to prevail on his constitutional claim, plaintiff must show that the failure to treat was due to a prison official's deliberate indifference to his serious medical needs. Plaintiff must satisfy the two-part test enunciated in *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). The test has an objective and a subjective component. That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard. *Reed v. McBride*, 178 F. 3d 849, 852 (7th Cir. 1999).

A condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997).

It is well settled that negligence or medical malpractice will not create liability under **42 U.S.C. § 1983**. **See,** *Estelle*, **97 S. Ct. at 292;** *Wood v. Woracheck*, 618 F.2d 1225 (7th Cir. 1980). Likewise, the provision of a course of treatment other than that preferred by the inmate

3

will not create liability. ***Estelle*, 97 S. Ct. at 293; *Burns v. Head Jailor*, 576 F. Supp. 618 (N.D. Ill. 1984).** An inmate has no right to a particular course of treatment of his choosing. ***Meriweather v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987).**

This court has analyzed the medical treatment given to plaintiff for his eyesight in its report and recommendation on defendant Williams' motion for summary judgment, **Doc. 32.** For the reasons stated therein, this court has concluded that defendant Williams was not deliberately indifferent to plaintiff's serouls medical needs. As is documented in the medical records attached to **Doc. 35**, Dr. Williams concluded that plaintiff's vision is such that it cannot be improved by eyeglasses. He has ordered sunglasses and a hand-held magnifier for plaintiff.

Plaintiff's medical records establish that he was transferred to Pinckneyville in 2000, and was seen by an eye doctor 10 times thereafter.[1] That doctor, Dr. Williams, declined to order eyeglasses for plaintiff. **Exhibit A attached to Doc. 35**, **p. 054; Exhibit 2 attached to Doc. 35, p. 114.**

Defendant Brown filed her affidavit in which she states that she has been the health care unit administrator at Pinckneyville since January 3, 2000. In that capacity, she is "responsible for the overall of the operations of the Health Care Unit," but she cannot "deny or approve glasses or any special vision aid." **Exhibit B attached to Doc. 35**, **pp. 1-2.**

A prison administrator is not deliberately indifferent where she reasonably relies on the opinion of the medical staff which is treating the inmate. ***Johnson v. Doughty*, 433 F.3d 1001, 1011, 1015 (7th Cir. 2006)**. Here, plaintiff admits in his response that he was seen "many times" and that the optometrist told him that glasses would do him no good. **Doc. 40, p.1**. Notwithstanding plaintiff's bald assertion that Brown does have authority to "approve" glasses, Doc. 40, p.1, as she is not an eye doctor, there is absolutely no reason to think that Brown could

---

[1] Plaintiff has been transferred to Graham Correctional Center. See, Doc. 42.

4

"approve" glasses in the absence of an order for glasses by the doctor.  Brown is entitled to summary judgment.

### Count 2- Equal Protection

The record establishes, and plaintiff admits, that a tape recorder was made available to him once a week at Pinckneyville so that he could record "letters."  **See, Doc. 40, p.2**.  His complaint is that he is being treated unfairly because he cannot send out mail as frequently as other inmates can.  Plaintiff suggests that a tape recorder could be left for him at the control center so that he could use it whenever he wanted to.

Defendants take the position that all recording devices and tapes must be monitored and controlled at all times in order to maintain safety of the guards, security of the institution, and discipline.  **See, Affidavit of Julius Flagg, Exhibit C**.  The policy at Pinckneyville is that "no inmate" is allowed to have a tape recorder in his cell.  *Id*.

Plaintiff's equal protection claim is without merit.  This court doubts whether plaintiff states a claim under the Equal Protection clause to begin with.  The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  This is "essentially is a direction that all persons similarly situated should be treated alike."  *Vision Church v. Village of Long Grove*, **468 F.3d 975, 1000 (7th Cir. 2006).**

The equal protection clause is not a source of substantive rights, "but rather a right to be free from invidious discrimination in statutory classifications and other governmental activity." *Shango v. Jurich*, **681 F.2d 1091, 1103 (7th Cir. 1982)**.  The state is forbidden by the clause to treat one group "arbitrarily worse than another." *Anderson v. Romero*, **72 F.3d 518, 526 (7th Cir. 1995).**

5

The first step in analyzing an equal protection claim is to determine where the challenged state practice results in disparate treatment of members of a suspect class or impinges upon a fundamental right; if not, the state may afford different treatment to different groups of people so long as the distinction is "rationally related to a legitimate state interest." *Pryor v. Brennan,* **914 F.2d 921, 923 (7th Cir. 1990)**.

Plaintiff is not a member of a suspect class, insofar as is relevant here. (He is African American, but he does not claim that he has been treated differently because of his race.) Prisoners are not a suspect class. *Pryor***, 914 F.2d at 923**. Neither are blind prisoners.

Without citation to any authority, defendants assert that plaintiff has no fundamental right to his mail. Whether a right is fundamental depends on whether the right is guaranteed, either implicitly or explicitly, by the Constitution. *San Antonio Independent School Dist. v. Rodriguez***, 411 U.S. 1, 33, 93 S.Ct. 1278, 1297 (1973).** Prisoners do have protected First Amendment interests in sending and receiving mail. *Rowe v. Shake***, 196 F.3d 778, 782 (7th Cir. 1999)**. However, it does not follow from that fact that plaintiff states an equal protection claim.

Plaintiff's complaint is that defendants are not doing enough to enable him to tape record communications whenever he wants to; thus, he says, he can't prepare "correspondence" as often as can other inmates who are able to write letters. Plaintiff's claim is analogous to a claim by an indigent inmate that other, wealthier, inmates are able to send out more mail than he is. The indigent inmate could not successfully claim that the equal protection clause requires the prison to supply him with paper, envelopes, and postage sufficient to enable him to send out as much mail as he wants to. **See,** *Gaines v. Lane***, 790 F.2d 1299, 1308 (7th Cir. 1986)(no right to unlimited free postage).** Likewise, Shelton's claim that the defendants are not giving him sufficient resources to allow him to send out as much mail as other inmates is not a valid claim under the Equal Protection Clause.

Defendants Blade, Evans, and Flagg are entitled to summary judgment on Count 2.

### Count 3 - Retaliation

In his last Count, plaintiff claims that his supervisor, defendant Douglas Neal retaliated against him for filing grievances by failing to call him out for work and denying him raises. Plaintiff alleges that Neal was "harassing" him for filing a grievance complaining about the fact that plaintiff was not being called out to work "like all other inmates" and that everyone was getting raises except for him. Thereafter, he alleges, the harassment turned into retaliation, and plaintiff did not get his full monthly state pay for June, 2004. **Doc. 1, p. 6.**

An act that is otherwise permissible may violate an inmate's rights if it is done for the purpose of retaliating for the inmate's filing of grievances or lawsuits. ***DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).**

Neal filed his own affidavit in which he explains that plaintiff was assigned to work as a flatware roller; he rolled salt and pepper packets and spoons inside paper napkins for use in the dining room. **Neal affidavit, Exhibit D, attached to Doc. 35**. Neal was employed as the Unit Supervisor. One of his duties was to call out inmates who were assigned to work. According to defendant's affidavit, Shelton was always called out when there was work to do. There were times when Shelton was not called out, but this was because there were no materials to be rolled, or there were enough flatware rolls already made up. Neal also states that Shelton was paid whether he was called out to work or not, and that, as supervisor, he has no authority to give or deny pay raises. Raises and promotions are can only be authorized by the Dietary Manager.

In his response, plaintiff disputes these facts by stating "Neal did not call me out for work when there was work to be done." **Doc. 40, p. 2.**

Although it is close, this court concludes that there is a genuine issue as to whether Neal failed to call plaintiff out when there was work to be done. Neal's motion for summary

7

judgment should be denied as to Count 3.  Even though plaintiff may have been paid for days when he was not called out, being denied the opportunity to work may conceivably still have posed a detriment to plaintiff.

### Recommendation

This Court recommends that Defendants' Motion for Summary Judgment, filed by Christine Brown, Dean Blades, John Evans, Julius Flagg, and Douglas Neal **(Doc. 34)** be **GRANTED in part and DENIED in part**.  The motion should be granted as to Counts 1 and 2, and judgment should be entered in favor of defendants Christine Brown, Dean Blades, John Evans, and Julius Flagg.  The motions should be denied as to defendant Douglas Neal on Count 3.

If this recommendation is adopted, the only claim that will remain pending is Count 3 against defendant Neal.

Objections to this Report and Recommendation must be filed on or before **February 21, 2007.**

**Submitted: February 1, 2007.**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**